IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIK GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| TARANTINO PROPERTIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, ERIK GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendant, TARANTINO PROPERTIES, INC., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.      Plaintiff ERIK GARCIA (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

1

Plaintiff's MS occasionally causes weakness in grasping as well.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property after it is accessible. ("Advocacy Purposes").

7.      Defendant, TARANTINO PROPERTIES, INC. (hereinafter "TARANTINO PROPERTIES, INC."), is a Texas company that transacts business in the State of Texas and within this judicial district.

8.      Defendant, TARANTINO PROPERTIES, INC., may be properly served with process via its registered agent for service, to wit:   Anthony Tarantino, Registered Agent, 7887 San Felipe, Suite 237, Houston, TX 77063.

**FACTUAL ALLEGATIONS**

9.      On or about December 22, 2019, Plaintiff was a customer at "Chilos Seafood Restaurant" a business located at 1150 Edgebrook Drive, Houston, TX  77034, referenced herein as "Chilos Seafood".   See Receipt and Photo of Plaintiff collectively referred to as Exhibit 1.

10.      Defendant, TARANTINO PROPERTIES, INC., is the owner or co-owner of the real property and improvements that Chilos Seafood and Burger King is situated upon and that is the subject of this action, referenced herein as the "Property."

2

11.     Plaintiff lives 10 miles from Chilos Seafood, Burger King and the Property.

12.     Plaintiff's access to the business(es) located 1150 Edgebrook Drive, Houston, TX 77034, Harris County Property Appraiser's account number 0451190000085 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, TARANTINO PROPERTIES, INC., is compelled to remove the physical barriers to access and correct the ADA violations that exist at Chilos Seafood, Burger King and the Property, including those set forth in this Complaint.

13.     There is a Burger King restaurant also located on the Property which Plaintiff would visit if it were accessible.

14.     Plaintiff has visited Chilos Seafood and the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting Chilos Seafood, the Burger King and the Property within six months or sooner, after the barriers to access detailed in this Complaint are removed and Chilos Seafood, Burger King and the Property are accessible again.

15.     The purpose of the revisit is to be a return customer, to determine if and when Chilos Seafood, Burger King and the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

16.     Plaintiff intends on revisiting Chilos Seafood, Burger King and the Property to purchase goods and/or services as a return customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have

numerous and continuing barriers to access.

17.     Plaintiff travelled to Chilos Seafood and the Property as a customer and as an

independent advocate for the disabled, encountered the barriers to access at Chilos Seafood and

the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and

legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to

access present at the Chilos Seafood and the Property.

**COUNT I**
**VIOLATIONS OF THE ADA AND ADAAG**

18.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42

U.S.C. § 12101 *et seq*.

19.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental
        disabilities, and this number is increasing as the population as a whole is
        growing older;

(ii)    historically, society has tended to isolate and segregate individuals with
        disabilities, and, despite some improvements, such forms of discrimination
        against individuals with disabilities continue to be a serious and pervasive
        social problem;

(iii)   discrimination against individuals with disabilities persists in such critical
        areas as employment, housing public accommodations, education,
        transportation, communication, recreation, institutionalization, health
        services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of
        discrimination, including outright intentional exclusion, the discriminatory
        effects of architectural, transportation, and communication barriers,
        overprotective rules and policies, failure to make modifications to existing
        facilities and practices, exclusionary qualification standards and criteria,
        segregation, and relegation to lesser service, programs, activities, benefits,
        jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and
        prejudice denies people with disabilities the opportunity to compete on an
        equal basis and to pursue those opportunities for which our free society is

4

justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

20.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)   provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

       * * * * *

(iv)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

21.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

22.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

23.    Chilos Seafood is a public accommodation and service establishment.

24.    Burger King is a public accommodation and service establishment.

25.    The Property is a public accommodation and service establishment.

26.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27.    Public accommodations were required to conform to these regulations by January

26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

28.     Chilos Seafood must be, but is not, in compliance with the ADA and ADAAG.

29.     The Burger King must be, but is not, in compliance with the ADA and ADAAG.

30.     The Property must be, but is not, in compliance with the ADA and ADAAG.

31.      Plaintiff has attempted to, and has to the extent possible, accessed Chilos Seafood and the Property in his capacity as a customer of Chilos Seafood and the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Chilos Seafood and the Property that preclude and/or limit his access to Chilos Seafood and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint. Plaintiff was also dissuaded from entering Burger King.

32.     Plaintiff intends to visit Chilos Seafood, Burger King and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Chilos Seafood, Burger King and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Chilos Seafood, Burger King and the Property that preclude and/or limit his access to Chilos Seafood, Burger King and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33.     Defendant, TARANTINO PROPERTIES, INC., has discriminated against

6

Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Chilos Seafood and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

34.     Defendant, TARANTINO PROPERTIES, INC., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, TARANTINO PROPERTIES, INC., is compelled to remove all physical barriers that exist at Chilos Seafood, Burger King and the Property, including those specifically set forth herein, and make Chilos Seafood, Burger King and the Property accessible to and usable by Plaintiff and other persons with disabilities.

35.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precludes and/or limited Plaintiff's access to Chilos Seafood, Burger King and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Chilos Seafood, Burger King and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)     Near Burger King, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii)    Near Burger King, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the

2010 ADAAG Standards.  This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(iii)   Near Burger King, the accessible parking space is not level due to the presence of accessible ramp side flares in the accessible parking space in violation of Section 502.4 and 406.5 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iv)   The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(v)   The Property lacks an accessible route from the sidewalk to the accessible entrance in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(vi)   Near Chilo's on the NW side of the Property, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vii)   Near Chilo's on the NW side of the Property, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(viii)   Near Chilo's on the NW side of the Property, at least one accessible parking space is not adequately marked and is in violation of Section 502.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(ix)   Near Chilo's on the NW side of the Property, the Property lacks an accessible route from accessible parking spaces to the accessible entrance of the Property in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(x)   Near Chilo's on the NW side of the Property, there are two accessible parking spaces that are missing proper identification signs in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(xi)   Near the main entrance to Chilo's, there is at least one accessible parking space that does not have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(xii)   At Chilo's, there is not at least 5% (five percent) of the exterior dining surfaces provided for consumption of food or drink which complies with section 902.3 requiring the maximum height of the dining surface to be maximum 34 (thirty-four) inches above the finished floor in violation of Section 226.1 of the 2010 ADAAG standards.

(xiii)   At Chilo's, there is a doorway threshold with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation

of Section 404.2.5 of the 2010 ADAAG standards. This violation made it

dangerous and difficult for Plaintiff to access the interior of the Property.

(xiv)   In Chilo's, the bar is lacking any portion of the counter that has a maximum

height of 34 (thirty-four) inches from the finished floor in violation of Section

902.3 of the 2010 ADAAG standards, all portions of the bar exceed 34 (thirty-

four) inches in height from the finished floor. This violation made it difficult for

Plaintiff to enjoy the unique eating experience at the bar.

(xv)    Defendant fail to adhere to a policy, practice and procedure to ensure that all

facilities are readily accessible to and usable by disabled individuals.

**BURGER KING RESTROOMS**

(i)     The restroom lacks signage in compliance with Sections 216.8 and 703 of the

2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled

individual to locate accessible restroom facilities.

(ii)    The restrooms lack proper door hardware in violation of Section 404.2.7 of the

2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled

individual to utilize the restroom facilities.

(iii)   The door exiting the restroom lacks a proper minimum maneuvering clearance,

due to the proximity of the door hardware to the adjacent wall, in violation of

Section 404.2.4 of the 2010 ADAAG standards.  This made it difficult for

Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv)    The actionable mechanism of the paper towel dispenser in the restroom is located

outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the

2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v)     The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vi)    The grab bars/handrails adjacent to the commode are missing and violate Section 604.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vii)   The hand operated flush control is not located on the open side of the accessible toilet in violation of Section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(viii)  The accessible toilet stall door is not self-closing and violates Section 604.8.2.1 of the 2010 ADAAG standards. This made it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(ix)    The door hardware of the bathroom stalls have operable parts which require tight grasping, pinching or twisting of the wrist in violation of Section 309.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(x)     The door of the restroom stall lacks a proper minimum maneuvering clearance, due to the proximity of the door hardware to the adjacent door, in violation of

Section 404.2.4 of the 2010 ADAAG standards.   This made it difficult for

Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

**CHILO'S RESTROOMS**

(i)   The toilet paper dispenser in the accessible toilet is not positioned properly and

violates Section 604.7 of the 2010 ADAAG standards. This made it difficult for

Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(ii)   Restrooms have a sink with inadequate knee and toe clearance in violation of

Section 306 of the 2010 ADAAG standards. This made it difficult for Plaintiff

and/or any disabled individual to safely utilize the restroom facilities.

(iii)   The soap dispenser in the restroom is located outside the prescribed vertical reach

ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it

difficult for Plaintiff and/or any disabled individual to safely utilize the restroom

facilities.

(iv)   The door exiting the restroom lacks a proper minimum maneuvering clearance,

due to the proximity of the door hardware to the adjacent sink, in violation of

Section 404.2.4 of the 2010 ADAAG standards.   This made it difficult for

Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

36.   The violations enumerated above may not be a complete list of the barriers,
conditions or violations encountered by Plaintiff and/or which exist at Chilos Seafood, Burger
King and the Property.

37.   Plaintiff requires an inspection of Chilos Seafood, Burger King and the Property
in order to determine all of the discriminatory conditions present at Chilos Seafood, Burger King
and the Property in violation of the ADA.

38.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39.     All of the violations alleged herein are readily achievable to modify to Chilos Seafood, Burger King and the Property into compliance with the ADA.

40.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Chilos Seafood and the Property is readily achievable because the nature and cost of the modifications are relatively low.

41.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Chilos Seafood and the Property is readily achievable because Defendant, TARANTINO PROPERTIES, INC., have the financial resources to make the necessary modifications.   According to the Property Appraiser Website, the Property has a market value of $762,437.00.

42.     Upon information and good faith belief, Chilos Seafood and the Property have been altered since 2010.

43.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

44.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, TARANTINO PROPERTIES, INC., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Chilos Seafood, Burger King and the Property, including those alleged herein.

45.     Plaintiff's requested relief serves the public interest.

46.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant, TARANTINO PROPERTIES, INC.

47.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant, TARANTINO PROPERTIES, INC., pursuant to 42 U.S.C. §§ 12188 and 12205.

48.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant, TARANTINO PROPERTIES, INC., to modify Chilos Seafood, Burger King and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant TARANTINO PROPERTIES, INC., in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendant, TARANTINO PROPERTIES, INC., from continuing their discriminatory practices;

(c)     That the Court issue an Order requiring Defendant, TARANTINO PROPERTIES, INC., to (i) remove the physical barriers to access and (ii) alter the subject Chilos Seafood, Burger King and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

14

Dated: February 5, 2020.

Respectfully submitted,

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
*Attorney-in-Charge for Plaintiff*
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

15